## SCHAAP v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 11, 1914.)

### No. 4030.

*(Syllabus by the Court.)*

**1. INDIANS (§ 35\*)—INTRODUCTION INTO INDIAN COUNTRY—APPLICATION OF STATUTE—EXCLUSION OF EVIDENCE.**

The provisions relative to the introduction, and the attempt to introduce, intoxicating liquor into the Indian country, found in section 2139 of the Revised Statutes, as amended by the Act of July 23, 1892, c. 234, 27 Stat. 260, and in the Act of January 30, 1897, c. 109, 29 Stat. 506, ceased to apply to portions of Oklahoma which were formerly in the Indian country when those portions respectively ceased to be Indian country.

In the trial of a charge of attempting to introduce intoxicating liquor into the Indian country in violation of these acts, it is error to refuse to permit the defendant to prove that the original Indian title to the land in the town in that part of Oklahoma which was formerly in the Indian Territory, into which town he attempted to introduce the liquor, had been extinguished so that it was no longer Indian country at the time the offense was charged to have been committed. The test of the applicability of these provisions of the acts of Congress cited is whether or not the town, city, or place into which the introduction, or attempt to introduce, is charged to have been made was Indian country at the time the offense is charged to have been committed.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 61, 62; Dec. Dig. § 35.\*]

**2. INDIANS (§ 35\*)—INTRODUCTION INTO INDIAN COUNTRY—APPLICATION OF STATUTE.**

These acts of Congress and the above construction of them apply to charges of introductions of intoxicating liquor and attempts to introduce it into the Indian country, in violation of them from within as well as from without the state of Oklahoma.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 61, 62; Dec. Dig. § 35.\*]

**3. INDIANS (§ 35\*)—INTRODUCTION INTO "INDIAN COUNTRY."**

The criterion to determine what is "Indian country" is that all the country which was declared to be Indian country by the Act of June 30, 1834, c. 161, 4 Stat. 729, remains Indian country as long as the Indians retain their original title, and in the absence of a different provision by treaty or by act of Congress ceases to be Indian country whenever that title is extinguished.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 61, 62; Dec. Dig. § 35.\*

For other definitions, see Words and Phrases, vol. 4, pp. 3545–3549.]

**4. INDIANS (§ 35\*)—INTRODUCTION INTO INDIAN COUNTRY—APPLICATION OF STATUTE.**

The Act of March 1, 1895, c. 145, § 8, 28 Stat. 693, 697, which prohibited the introduction of intoxicating liquor into the Indian Territory, is still

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in force so far as it relates to the introduction of such liquor from without the state of Oklahoma into that part of Oklahoma which was formerly the Indian Territory, but it is not in force in so far as it relates to such introduction from within the state of Oklahoma.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 61, 62; Dec. Dig. § 35.*]

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

John Schaap was convicted of attempting to introduce intoxicating liquors into the Indian country, and brings error. Reversed and remanded for new trial.

Ira D. Oglesby, of Ft. Smith, Ark., for plaintiff in error.

J. V. Bourland, U. S. Atty., of Ft. Smith, Ark., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and RINER, District Judge.

SANBORN, Circuit Judge. The defendant below was convicted of the charge that at Ft. Smith, Ark., on November 29, 1912, he—

"did unlawfully attempt to introduce into the Indian country, to wit, into that part of the Indian country known as the Choctaw Nation of the Indian Territory, spirituous and intoxicating liquors, to wit, six gallons of alcohol, contrary to the form of the statute," etc.

At the trial the United States introduced evidence tending to show that the defendant, who was engaged in selling drugs at wholesale at Ft. Smith, on November 29, 1912, delivered two boxes containing intoxicating liquors at the station of a railroad company in that city directed to Palace Drug Store, Kiowa, Okl., and obtained a bill of lading from the railroad company for their transportation to that address. The town of Kiowa is located on what was formerly land of the Choctaw Nation in that part of Oklahoma which was formerly in the Indian Territory. The defendant offered to prove that on November 29, 1912, the Indian title to the land on which the town of Kiowa, the railway station at that town, and the Palace Drug Store, to which the boxes were directed, were situated, was and long had been completely extinguished, but the court, on the objection of the United States, excluded this evidence and over the objections and exceptions of the defendant instructed the jury that they might convict him under section 2139, Revised Statutes, as amended by Act of July 23, 1892, 27 Stat. 260, which declares that:

"Any person who introduces or attempts to introduce any ardent spirits, ale, wine, beer or intoxicating liquor of any kind into the Indian country, shall be punished by imprisonment not more than three years and by fine of not more than three hundred dollars"

—and under Act of January 30, 1897, c. 109, 29 Stat. 506, which provides that:

"Any person who shall introduce or attempt to introduce any malt, spirituous or vinous liquor, including beer, ale and wine, or any ardent or intoxicating liquor of any kind whatsoever into the Indian country, which term

shall include any Indian allotment, while the title to the same shall be held in trust by the government, or while the same shall remain inalienable by the allottee, without the consent of the United States, shall be punished by imprisonment for not less than sixty days and by a fine of not less than two hundred dollars."

Complaint is made of these and other rulings of the trial court.

[1-4] The defendant offered to prove, not only that the Indian title to the land in the town of Kiowa had been extinguished, but also that before the time that the indictment charged that he committed the offense, the town was situated on 160 acres which had been reserved from allotment and made a town site, that all the land therein had been sold, and unrestricted titles thereto had been conveyed to the purchasers, in accordance with acts of Congress, so that no part of it was held as an allotment or in trust, and that none of the titles to it was inalienable. The charge against the defendant was that he attempted to introduce intoxicating liquor into the Indian country. All the country which was declared to be Indian country by the Act of June 30, 1834, c. 161, 4 Stat. 729, remains Indian country as long as the Indians retain their original title, and in the absence of a different provision by treaty or by act of Congress, ceases to be Indian country whenever that title is extinguished, and there was no different provision regarding the land in the town of Kiowa. Bates v. Clark, 95 U. S. 204, 208, 24 L. Ed. 471; Clairmont v. United States, 225 U. S. 551, 558, 32 Sup. Ct. 787, 56 L. Ed. 1201; Evans v. Victor, 204 Fed. 361, 365, 122 C. C. A. 531, 535.

Counsel for the United States cite, in support of the rulings of the court below, United States Express Co. v. Friedman, 191 Fed. 673, 112 C. C. A. 219, Ex parte Webb, 225 U. S. 663, 32 Sup. Ct. 769, 56 L. Ed. 1248, and United States v. Wright, 229 U. S. 226, 33 Sup. Ct. 630, 57 L. Ed. 1160. In United States Express Co. v. Friedman, the question was whether or not the court should issue a mandamus to compel an express company to transport intoxicating liquor out of the state of Arkansas into that part of the state of Oklahoma which was formerly the Indian Territory. That question was answered in the negative by that part of the Act of March 1, 1895, c. 145, § 8, 28 Stat. 693, 697, which had not been repealed, and which prohibits such an introduction (Ex parte Webb, 225 U. S. 663, 681, 691, 32 Sup. Ct. 769, 56 L. Ed. 1248), and this court answered the question in the same way (Evans v. Victor, 204 Fed. 367, 368).

In Ex parte Webb, 225 U. S. 663, 681, 691, 32 Sup. Ct. 769, 56 L. Ed. 1248, Webb had been indicted and convicted of introducing intoxicating liquors into the Indian country, and he applied to the Supreme Court for a writ of habeas corpus. Because the parties admitted that the liquors had been shipped from Joplin, Mo., to and had been received by Webb within the city of Vinita in Oklahoma, and because the only question before that court on the application for the writ was whether or not the trial court had jurisdiction of the case, the Supreme Court limited its decision to the affirmance of the jurisdiction of the district court on the ground that the transfer of the liquor from one state to another was a violation of that part of the act

of March 1, 1895, which under the commerce clause of the Constitution prohibited the introduction of intoxicating liquors from another state into that part of Oklahoma which was formerly Indian Territory. 225 U. S. 681, 691. The Supreme Court expressly decided, however, that it was unnecessary for it to decide (225 U. S. 676), and it neither considered nor decided whether or not the specific town or place into which the liquor was introduced was Indian country, or whether or not an introduction of liquor into a place in the former Indian Territory which was not Indian country, would have been a violation of section 2139 of the Revised Statutes, as amended by the Act of 1892, or of the Act of January 30, 1897, c. 109, 29 Stat. 506. The question presented in the case at bar was not at issue, and hence could not have been authoritatively decided in the two cases which have been reviewed. Whatever was said in the opinions in those cases that relates in any way to the question now in hand falls under the rules announced by Chief Justice Marshall:

"An opinion in a particular case, founded on its special circumstances, is not applicable to the cases under circumstances essentially different." Brooks v. Marbury, 24 U. S. (11 Wheat.) 78, 90, 6 L. Ed. 423. And: "General expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision." Cohens v. Virginia, 6 Wheat. 264, 393, 5 L. Ed. 257; King v. Pomeroy, 121 Fed. 287, 294, 58 C. C. A. 209, 216; Traer v. Fowler, 144 Fed. 810, 817, 75 C. C. A. 540, 547; Mason City & Ft. Dodge Ry. Co. v. Wolf, 148 Fed. 961, 968, 78 C. C. A. 589, 596.

But in United States v. Wright, 229 U. S. 226, 232, 236, 238, 33 Sup. Ct. 630, 57 L. Ed. 1160, the Supreme Court, after a studied review and consideration of all the acts of Congress relevant to the question at issue in this case, deliberately and doubtless finally (1) affirmed its decision in Ex parte Webb that the act of 1895 was repealed so far as it related to the introduction of intoxicating liquors into what was formerly the Indian Territory from places within the state of Oklahoma, but remained in force so far as it related to such introduction of liquors from without the state, page 236, decided; (2) that section 2139 of the Revised Statutes, as amended by the act of 1892 and the act of 1897, remained in force and applied to the introduction of intoxicating liquors into the Indian country whether from within or without the state, page 268; (3) that "if, and when, and so far as, portions of the Indian Territory ceased to be Indian country, the Acts of 1892 and 1897 would cease to apply," pages 232, 236, and that the test of the prohibition in those acts was "Indian country," while the test of the prohibition under the act of 1895 was the territorial test, was whether or not the introduction was into that part of Oklahoma which was formerly Indian Territory, and that it was immaterial under that act whether the place into which the introduction was made was or continued to be Indian country, page 233. The terms of these acts of Congress which have been quoted in the opening of this opinion, the persuasive reason of the case, and this opinion of the Supreme Court in Wright's Case leave no doubt regarding the decision which this court ought to render in the matter in hand. The conviction of the

defendant cannot be sustained under the act of 1895, because the charge and the proof are not of the introduction of intoxicating liquor into that part of the state of Oklahoma which was formerly Indian Territory, but of a vain attempt to introduce it into Indian country, and there is no prohibition of such an attempt in the Act of 1895. Section 2139, as amended by the act of 1892 and the act of 1897, ceased to apply when and so far as any portion of the former Indian Territory ceased to be Indian country. The court refused to permit the defendant to prove that the portion of Oklahoma which was formerly Indian Territory, into which he attempted to introduce intoxicating liquor, had ceased to be Indian country before he made his attempt. That fact, if proved, would have been a perfect defense to the charge against him, and this ruling of the court necessitates another trial of the case, and makes it unnecessary to consider any other question which has been presented.

Let the judgment be reversed, and let the case be remanded to the court below, with directions to grant a new trial.