## ROYAL BREWING CO. v. MISSOURI, K. & T. RY. CO.

(District Court, D. Kansas, Third Division. March 12, 1914.)

No. 36–N.

1. INJUNCTION (§ 144*)—RESTRAINING ORDER—VERIFIED PETITION.
    Where a petition for a restraining order is verified, and there is no counter showing by defendant, the facts recited in the petition, which are well pleaded, must control the application.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. § 144.*]

2. COMMERCE (§ 89*)—REFUSAL TO TRANSPORT LIQUOR—RIGHT TO SUE—APPLICATION TO INTERSTATE COMMERCE COMMISSION.
    Where defendant railroad company refused to transport liquor into Oklahoma from Missouri, complainant was not bound to apply to the Interstate Commerce Commission for relief before suing in equity for an injunction.
    [Ed. Note.—For other cases, see Commerce, Dec. Dig. § 89.*]

3. CARRIERS (§ 45*) — REFUSAL TO TRANSPORT LIQUOR — INJUNCTION — ADEQUATE REMEDY AT LAW.
    Where defendant railroad company posted a general order refusing to receive shipments of liquor designed for or to be carried and delivered to points in O. county, Okl., and pursuant to such order refused to carry liquor into that county for complainant, a wholesale liquor dealer in Missouri, and complainant in a suit for an injunction alleged that defendant's refusal would work irreparable damage to complainant's business, which could not be estimated in damages, equity jurisdiction was not defeated on the theory that complainant had an adequate remedy at law.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 120, 123–128; Dec. Dig. § 45.*]

4. INDIANS (§ 35*)—"INDIAN COUNTRY"—INTRODUCTION OF LIQUORS.
    What is "Indian country," within Act Jan. 30, 1897, c. 109, 29 Stat. 506, prohibiting the introduction of liquors among Indians, depends on whether the Indian title under which the land was formerly held has or has not been completely extinguished by subsequent grants.
    [Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 61, 62; Dec. Dig. § 35.*
    For other definitions, see Words and Phrases, First and Second Series, Indian Country.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. CARRIERS (§ 45\*)—TRANSPORTATION OF LIQUORS—DUTY TO TRANSPORT—INTERSTATE COMMERCE.**

Where complainant, a wholesale liquor dealer in Missouri, had a legal right to sell liquor to a white male citizen of O. county, Okl., for his personal use, it had an equal right to compel defendant, a public carrier, to transport the liquor, and was entitled to restrain defendant from enforcing as to it a rule refusing to receive liquor for transportation into such county.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 120, 123–128; Dec. Dig. § 45.\*]

In Equity. Suit by the Royal Brewing Company against the Missouri, Kansas & Texas Railway Company. On application for a temporary restraining order. Granted.

I.J. Ringolsky and Harry L. Jacobs, both of Kansas City, Mo., for plaintiff.

Hadley, Cooper & Neel, of Kansas City, Mo., and W. W. Brown and James W. Reid, both of Parsons, Kan., for defendant.

POLLOCK, District Judge. The petition in this case, duly verified, is presented by plaintiff, and a restraining order against defendant is prayed. The matter has been submitted on briefs. No counter showing is made by defendant against the averments in the petition, duly verified. Therefore the same must control on this hearing. The facts alleged in the petition, briefly stated, are as follows:

Plaintiff is a corporate citizen of the state of Missouri; defendant, of this state. Plaintiff is engaged in a wholesale liquor business, a lawful business in the state of Missouri. In the conduct of its said business, plaintiff receives orders for intoxicating liquors by mail, and, where lawful and proper, accepts and fills the same, by making shipment of the goods ordered. In the transaction of such business it received an order, accompanied by cash payment, for a cask of beer from one Fred Peters, a male white person, over 21 years of age, a citizen of the state of Oklahoma. The beer so ordered and purchased from plaintiff by said Fred Peters was directed to be forwarded over defendant's line of railway from the city of Kansas City, in which plaintiff is doing business, to a town in Oklahoma called Nelagoney, at which town the line of defendant's railway intersects with that of the Midland Valley Railway, and from such point of intersection to the town of Avant, Osage county, Okl., where the consignee, Peters, lives. In pursuance of such order plaintiff accepted and tendered to defendant the cask of beer so ordered, properly packed, marked, labeled, and branded for shipment, as is by the laws of the United States required. Payment for such transportation in advance was tendered by plaintiff to defendant on July 3, 1913. Theretofore defendant had issued and posted an order providing it would not receive for shipment any intoxicating liquors whatever to be carried for delivery to any point in Osage county, Okl., including the town of Avant. Solely on this ground the agents and representatives of the defendant company refused to accept or carry the shipment tendered by plaintiff to be carried and delivered to the consignee, Fred Peters, at Avant, Osage county, Okl.

---

It is further averred by plaintiff in the petition that said Fred Peters ordered said cask of beer for his own personal use, and not for barter, sale, or disposition to any other person, or for use in any other manner; that said town of Avant is not located in what is or formerly was Indian country; that at the time said order was made and said shipment tendered defendant railway, and long before that date, the Indian title to the townsite, of Avant, Osage county, Okl., on which the consignee, Fred Peters, lived, to which plaintiff desired the intoxicating liquors offered for carriage carried and delivered, had been fully and completely extinguished; that this controversy involves an amount conferring jurisdiction on this court; that the failure and refusal of defendant to receive shipments of intoxicating liquors to all points in Osage county, Okl., similarly situated as the town of Avant, results in such injury and damage to plaintiff in the conduct of its business as cannot be estimated in damages, and is working and will work irreparable damage to plaintiff and injury to its legitimate business. Wherefore an injunction against defendant, restraining it from further refusing to accept and carry the particular shipment in question, and similar shipments, is prayed in the protection of the legitimate business of plaintiff.

[1] As has been stated, the petition is duly verified, and, as no counter showing by defendant is made, the facts recited in the petition, well pleaded, must control on this application.

[2] Defendant insists, by way of argument, application should have been made by plaintiff to the Interstate Commerce Commission, and not to this court. This position, however, is not well taken. Under the facts averred in the petition, there is no question presented for the consideration or action by that body. Louis. & Nash. R. R. Co. v. Cook Brewing Co., 223 U. S. 70, 32 Sup. Ct. 189, 56 L. Ed. 355; Danciger v. Wells-Fargo Co. (C. C.) 154 Fed. 379.

[3] Again, defendant insists no ground for resort to a court of equity is shown to exist by the petition in this case and the plaintiff has an adequate remedy at law. The bill pleads in apt terms the general order posted by defendant under which it refuses to receive any shipments of intoxicating liquor designed for or to be carried and delivered by defendant to points in Osage county, Okl., is, and will work irreparable damage to the business of plaintiff, and that the same cannot be estimated in damages. From all of which, uncontradicted, I am of the opinion a court of equity has jurisdiction. Louis. & Nash. R. R. Co. v. Cook Brewing Co., supra.

[4] Did defendant have the right to make and enforce such general order. It is a common carrier for hire, and must carry all goods tendered for carriage properly packed, marked, and branded, in accordance with the requirements of the law, unless it may excuse itself on some ground of positive law. In this regard it is thought by defendant it could lawfully refuse the shipment in question under the order made by it for delivery at the point to which the same was consigned. What is now Osage county, Okl., formed no part of the Indian country, and was not included within the provisions of section 8 of the Act of March 1, 1895 (28 Stat. 697, c. 145), commonly known and called the "Intro-

ducing Act," held by the court in Ex parte Webb, 225 U. S. 663, 32 Sup. Ct. 769, 56 L. Ed. 1248, to remain in force.

The only other ground, on which it is conceived the refusal of defendant to carry the shipment in question or any like shipment for delivery in Osage county, Okl., is found in the act relating to the introduction of liquors among the Indians; that is, the act of January 30, 1897 (29 Stat. 506). However, under this act the determination of what is and what is not Indian country, as that term is employed in the act, depends upon the fact as to whether the Indian title under which the land was formerly held has or has not been completely extinguished by subsequent grants. This is settled by a long line of decisions. Bates v. Clark, 95 U. S. 204, 24 L. Ed. 471; Ex parte Crow Dog, 109 U. S. 556, 3 Sup. Ct. 396, 27 L. Ed. 1030; Dick v. United States, 208 U. S. 340, 28 Sup. Ct. 399, 52 L. Ed. 520; Clairmont v. United States, 225 U. S. 551, 32 Sup. Ct. 787, 56 L. Ed. 1201; Evans v. Victor, 204 Fed. 361, 122 C. C. A. 531; United States v. Myers, 206 Fed. 387, 124 C. C. A. 269; Schaap v. United States, 210 Fed. 853, 127 C. C. A. 415 (Circuit Court of Appeals, 8th Circuit, recently decided).

[5] As it is conceded by defendant the beer in question consigned to Fred Peters, a full-blooded white male citizen of Oklahoma, over 21 years of age, was to be by him employed for his own use, no question of the protection the government affords its wards, the Indians, can arise; and as the shipment tendered defendant by plaintiff for carriage was properly marked, branded, and packed, as by law required, to entitle it to carriage, no objection was or can be urged on this ground. As is shown by the undisputed evidence and averments in the petition, long before this controversy arose the Indian title had been extinguished as to that tract of land on which the town of Avant, Osage county, Okl., where the intoxicating liquors were to be delivered, is situate.

It follows, in so far as shown on this hearing, plaintiff had the legal right to sell the beer in question to Fred Peters for his own personal use (Vance v. W. A. Vandercook Co., 170 U. S. 438, 18 Sup. Ct. 674, 42 L. Ed. 1100), and had the further right to have the same transported by defendant on its line of railway for the purpose of delivery to the purchaser at the town of Avant, Osage county, Okl., notwithstanding the general order by it made refusing such shipments.

It follows the restraining order applied for must issue, on the giving by plaintiff of a bond conditioned as by law provided in the penal sum of $2,000.

It is so ordered.