## SEGNA v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 13, 1914.)

### No. 4058.

1. **INDIANS (§ 38*)—INTRODUCING LIQUOR INTO INDIAN TERRITORY—CRIMINAL PROSECUTION.**

Act March 1, 1895, c. 145, § 8, 28 Stat. 697, making it a criminal offense to introduce intoxicating liquor into Indian Territory, is still in force in the portion of Oklahoma which was at the time of its passage a part of the Indian Territory, and is enforceable by prosecution in the federal court.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec. Dig. § 38.*]

2. **CRIMINAL LAW (§ 1156*)—APPELLATE PROCEEDINGS—QUESTIONS REVIEWABLE—DENIAL OF NEW TRIAL.**

The denial of a motion for new trial in a criminal case in a federal court is not a subject of review in an appellate court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3067–3071; Dec. Dig. § 1156.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Criminal prosecution by the United States against A. Segna. Judgment of conviction, and defendant brings error. Affirmed.

J. H. Wilkins, of McAlester, Okl., and C. R. Hunt, of Wilburton, Okl., for plaintiff in error.

D. H. Linebaugh, U. S. Atty., and Frank Lee, Asst. U. S. Atty., both of Muskogee, Okl.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. Segna was convicted and sentenced for introducing intoxicating liquor into Latimer county, Okl., from without that state. It was charged that Latimer county was a part of the "Indian country." The only assignments of error are:

(1) The court erred in assuming jurisdiction to try and sentence defendant, since the alleged offense was charged to have been committed within the incorporated city of Wilburton, Okl., wherein the United States has no authority to enforce the statute against the introduction of intoxicating liquors.

(2) The court erred in overruling defendant's motion for a new trial, on the ground that the verdict was not supported by sufficient evidence.

[1] The first assignment cannot be sustained, whether regarded as an objection to the jurisdiction of the trial court or, as probably intended, that the indictment does not charge a public offense. In neither case does the assignment authorize a review of the evidence at the trial. Nor does it recite that any objection to the indictment was made in the court below by demurrer, motion to quash, motion for more particular statement, motion in arrest of judgment, or otherwise. For aught that appears, the objection is made here for the first time, and, in view of the method and time, all defects of form not going to the substance of the charge are waived. Latimer county is in the part of the state of Oklahoma that was formerly Indian Territory. It is well settled that section 8 of the act of March 1, 1895 (28 Stat. 693), is still in force so far as it prohibits the introduction of intoxicating liquor into the former territory from without the state. Ex parte Webb, 225 U. S. 663, 32 Sup. Ct. 769, 56 L. Ed. 1248; United States v. Wright, 229 U. S. 226, 33 Sup. Ct. 630, 57 L. Ed. 1160; United States Express Co. v. Friedman, 112 C. C. A. 219, 191 Fed. 673; Schaap v. United States, 127 C. C. A. 415, 210 Fed. 853; Archard v. United States, 129 C. C. A. 83, 212 Fed. 146; Chambliss v. United States, 218 Fed. 154, 132 C. C. A. 112, decided at this term. The indictment, aided by the verdict and the accompanying inferences, charges a violation of that statute, and the offense is one of which the trial court had jurisdiction.

[2] As to the second assignment of error: It is a long-established rule of federal practice that the denial of a new trial is not the subject of review in an appellate court.

The sentence is affirmed.