## BROWNLOW v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 2, 1925. On Petition for Rehearing, December 18, 1925.)

No. 4607.

1. **Witnesses 256—Refusal to require witness, who had refreshed memory by reference to memorandum book, to deliver entire book to cross-examining counsel, not error.**

Where prohibition agent, testifying to purchases of liquor, refreshed his memory by reference to memorandum book, refusal of court to require witness to deliver entire book rather than particular memoranda used to defendant's counsel during cross-examination was not error.

2. **Criminal law 1186(4)—Admission of evidence of pending charge against defendant's witness affecting credibility held prejudicial error.**

Admission of testimony that one of defendant's witnesses, whose credibility was material, was charged in another case with unlawful sales of liquor, held prejudicial error without the application of Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

3. **Intoxicating liquors 143—Proof of ownership not necessary to sustain charge of maintaining nuisance.**

To sustain conviction on charge of maintaining nuisance, it is not necessary to prove ownership in defendant, but only joint interest and concern in operation of establishment.

4. **Criminal law 911, 1156(1)—Motion for new trial is addressed to discretion of court, exercise of which will not be reviewed.**

A motion for new trial is addressed to discretion of court, exercise of which will not be reviewed.

On Petition for Rehearing.

5. **Criminal law 1188—Circuit Court of Appeals, reversing conviction on certain counts, cannot authorize modification of sentence.**

Circuit Court of Appeals, on reversing conviction on certain counts, with effect of reducing term of imprisonment, cannot grant District Court power to modify sentence after term at which it was entered, as relates to place of incarceration.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; William H. Sawtelle, Judge.

Nellie Brownlow was convicted of violations of Prohibition Law, and she brings error. Reversed in part, and affirmed in part.

Plaintiff in error, who will be referred to hereafter as the defendant, was convicted on six counts of an indictment charging the sale of liquor, respectively, on September 22, September 25, October 5, October 13, November 10, and November 15, 1923; also on two counts charging the unlawful possession of liquor on the 25th of September and the 13th of October; also on a charge of maintaining a nuisance by keeping and selling liquor at the West Side Hotel in Seattle. Two other counts of the indictment charge previous convictions, July 2, 1920, of the sale and the unlawful possession of liquor. The jury found that she had been convicted as alleged.

John F. Dore and F. C. Reagan, both of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge (after stating the facts as above). [1] One of the prohibition agents who testified for the government was permitted to refresh his memory by reference to a memorandum book in which he had made entries on the evenings of the days when he had purchased drinks at the West Side Hotel. On cross-examination, counsel for defendant demanded possession of the book. The court directed the witness to take out of the book the memoranda with reference to the dates about which the witness had testified and to hand these memoranda to counsel for defendant. An exception was reserved to the refusal of the court to require the witness to deliver the entire book. It appeared that the book contained memoranda with reference to the activities of this prohibition agent in matters in no way relevant to the questions which were being tried out. In Commonwealth v. Haley, 13 Allen, 587, 588, the Supreme Court of Massachusetts says, with reference to the right of inspection of a memorandum used by a witness:

"This rule does not involve the duty of exposing everything contained in a book in which his memorandum is kept. He is only bound to show such parts of it as he consults to aid his memory, or such as relate to the subject of his testimony. Private entries on other matters, though contained in the same book, are not thereby made parts of the writing which he produces." We think counsel for defendant was accorded all the inspection to which he was entitled.

[2] The government's testimony was to the effect that drinks purchased at the West Side Hotel by prohibition agents September 22d, September 25th, and November 6th, were served by Elsie Ferguson, who was oth-

erwise known as Elsie Edgren. Miss Edgren testified on behalf of the defendant and denied all this testimony. She claimed that she had never sold liquor at the West Side Hotel, and that she had not been there on the 22d of September. During the autumn and early winter of 1923 she testified that she had lived at 519 Republican street where she kept house for her brothers. These brothers and three other witnesses corroborated her testimony in these latter respects. One of these witnesses, Sena Marabo, was asked on cross-examination: "You know Miss Edgren is charged with sales of liquor in another case, don't you?" He was permitted to answer: "So I have been told." Carl C. Martz was asked the same question and answered to the same effect. H. S. Marabo answered: "Well, I believe that she is." The defendant's objection and exception were reserved to the reception of all this testimony. In Souza v. United States (C. C. A.) 5 F.(2d) 9, 11, this court, speaking through Judge Hunt, said:

"The better rule is that the fact that an unproven charge has been made against one does not tend logically to prove guilt of an offense or to affect the credibility of his testimony."

The rule announced in the text-books is to the same effect. 1 Greenleaf on Evidence (16th Ed.) § 461b; Jones on Evidence, § 838. The courts have many times held the reception of such evidence prejudicial error. Glover v. United States, 147 F. 426, 429, 430, 77 C. C. A. 450, 8 Ann. Cas. 1184; Westwater v. Lyons, 193 F. 817, 113 C. C. A. 617; Coyne v. United States, 246 F. 120, 121, 158 C. C. A. 346; Trenton Potteries Co. v. United States (C. C. A.) 300 F. 550, 555; People v. Morrison, 195 N. Y. 116, 88 N. E. 21, 133 Am. St. Rep. 780, 16 Ann. Cas. 871; Slater v. United States, 1 Okl. Cr. 275, 98 P. 110, 113. The government cites Fowler v. United States (C. C. A.) 273 F. 15, 20. In that case this court held that a conviction of stealing tended to impeach the credibility of a witness. The testimony with reference to Elsie Edgren was merely that she was charged with a misdemeanor.

The credibility of Elsie Edgren was one of the most material questions in the trial. To permit her credibility to be broken down by evidence whose impropriety has been so often adjudged was to deny a substantial right of the defendant. The error falls without the application of section 269 of the Judicial Code as amended February 26, 1919. 40 Stat. 1181; Comp. Stat. 1919 Supp. § 1246; section 1043, Barnes' Code, 1919–1924 Supp.

[3] After the jury retired, they requested further instructions as to whether it was necessary for the government to prove ownership in order to sustain the charge of maintaining a nuisance. The court answered: "Not necessary that they should be the proprietor or proprietress of the place, if they were jointly interested in and concerned in the operation of the same. * * * All persons under the federal law who aid, assist, or abet, or procure the commission of crime, are principals. * * * In order to convict her, though, under that count in the indictment, it would be necessary for you to find, beyond a reasonable doubt, that she herself maintained and had charge of, control or ownership of that place, and that she sold or kept for sale, or had others to sell for her, intoxicating liquor, or that there were owners who owned the place at the time, or had the exclusive right to the possession thereof, and that she aided or assisted such person or persons in maintaining and carrying on that house." We think this was a correct statement of the law, and that it was appropriate to the evidence which had been received.

[4] Error is assigned on the denial of defendant's motions for a new trial and in arrest of judgment. The former motion was addressed to the discretion of the District Court, and that discretion will not be reviewed here. Lueders v. U. S., 210 F. 419, 421, 127 C. C. A. 151; Segna v. U. S., 218 F. 791, 792, 134 C. C. A. 527; Montgomery v. U. S., 219 F. 162, 165, 135 C. C. A. 60; Hughes v. U. S. (C. C. A.) 4 F.(2d) 686, 688.

The motion in arrest of judgment is based on a contention that the indictment does not state facts sufficient to constitute a cause of action. This contention is not supported by argument in defendant's brief and is manifestly untenable.

The foregoing are the only matters properly assigned as error. The testimony, improperly admitted for the purpose of impeaching the credibility of Elsie Edgren, was prejudicial to the defendant in so far as she was charged with the sale of liquor on the 22d and 25th of September, 1923, and with the possession of liquor on the latter date; also in so far as she was charged with maintaining a nuisance.

The judgment of conviction on counts 1, 3, 4, and 11 is therefore reversed; as to counts 6, 7, 8, 9, and 10 the judgment is affirmed.

## On Petition for Rehearing.

[5] A petition has been filed by plaintiff in error, calling our attention to the fact that the disposition made of the case reduces her term of imprisonment from three years to one year and one day. The sentence imposed called for imprisonment at Leeds, Mo. We are now asked to enter a supplemental order, granting the District Court the power to change the place of incarceration to some prison within the state of Washington. The term of court at which plaintiff in error was sentenced has now expired, and we are unable to see how the sentence can be modified in the respect indicated, except possibly by consent of the parties.

The petition is denied.