### HUNT v. HUNT.

### No. 11392.

Court of Civil Appeals of Texas. Dallas.

Dec. 3, 1932.

Rehearing Denied Jan. 7, 1933.

Tom C. Clark, and Guy L. Mann, both of Dallas, for appellant.

Neary & Rogers, of Dallas, for appellee.

### LOONEY, J.

■ Lucy Hopkins Hunt sued her husband, Carl M. Hunt, alleging, in a verified petition, that they were married August, 1908, in the county and city of Dallas, state of Texas, and, at the institution of the suit were resident citizens of and domiciled in said city and county; that during February, 1931, while maintaining such residence, defendant abandoned plaintiff, and about October 17, 1931, filed suit against her for divorce in a district court of Dallas county; that said suit remained upon the docket (without service on plaintiff) until dismissed for want of prosecution, was later reinstated upon the docket, but was voluntarily dismissed by defendant, September 7, 1932, and on same day he caused to be filed a divorce suit against plaintiff in a court of the city of Juarez, state of Chihuahua, United States of Mexico; that on September 10, 1932, plaintiff was served with notice issued from said court in said cause, requiring her, within six days after service, to defend the same, otherwise judgment by default would be rendered against her; that the design of defendant in suing in Mexico was to evade the jurisdiction of, and perpetrate a fraud upon, the proper court of Dallas county; that, since defendant abandoned plaintiff, his contributions to her support have been so small that she is without sufficient means to contest the divorce suit pending in the court at Juarez; wherefore she prayed for injunctive relief, temporary and permanent. The court entered the order hereinafter set out, and, without mov-

ing to dissolve or suspend the operation of the writ, defendant appealed, therefore the allegations of the plaintiff's petition will be considered, for the purposes of this appeal as undisputed facts. Royal Brewing Co. v. M., K. & T. Ry. Co. (D. C.) 217 F. 146; Athens Tel. Co. v. City of Athens (Tex. Civ. App.) 163 S. W. 371.

Defendant does not question the sufficiency of plaintiff's petition to state a cause of action, but contends that, under her prayer, simply for an injunction, the court was without jurisdiction either to grant or deny a temporary writ, nor did the same authorize the granting of relief that effectually disposed of the controversy before final trial on its merits.

█ We do not agree, as contended by defendant, that plaintiff's prayer was insufficient to authorize the granting of temporary relief. The prayer reads: "Wherefore, premises considered, plaintiff prays that this Court immediately and forthwith without notice or hearing, issue its writ of injunction prohibiting the defendant, his agents or attorneys from taking any further action in the divorce suit now pending in Mexico, said divorce having been instituted on the 7th day of September, A. D. 1932 in the City of Juarez, State of Chihuahua, United States of Mexico, in the Civil Court, Bravos District of said City of Juarez, or at the instance of said defendant, his agents or attorneys to enter any order in such cause and that after a hearing, the defendant be permanently enjoined so long as his domicile remains in this State, from taking any further action to the end of securing a divorce from this plaintiff in said cause, and that after hearing, the Court further direct the defendant to cause a dismissal of the divorce suit now pending in Mexico, described above, and for such other and further relief legal and equitable to which this honorable court deems this plaintiff entitled."

We think it obvious that plaintiff prayed for both temporary and permanent relief. In Sinclair Refining Co. v. McElree, 52 S.W. (2d) 679, we overruled a similar contention.

Nor do we agree that the relief granted was altogether of a permanent nature. The court's order reads: "On this, the 14th day of September, 1932, came on to be heard the application of Mrs. Lucy Hopkins Hunt, plaintiff in the above entitled and numbered cause, by the Judge of the District Court of Dallas County, Texas; and it appearing to him from the facts stated therein that the applicant is entitled to a permanent writ of injunction. It is therefore ordered, adjudged and decreed that the permanent writ of injunction issue restraining the defendant personally or through his agents or attorneys from taking any further action in the divorce suit now pending in the Civil Court, Bravos District, of the City of Juarez, State of Chihuahua, United States of Mexico, said divorce proceeding having been instituted in said court on the 7th day of September, 1932; or at the instance of said defendant in person or through his agents or attorneys, to enter any orders in such cause, or to procure the issuance or entry of any further orders in said cause, or in any manner or by any acts to take further steps toward the procuring of final decree of divorce in such cause; the defendant is further ordered forthwith to take the proper steps necessary to cause the immediate dismissal of the divorce proceeding above described now pending in Mexico; the Clerk of the Court is hereby ordered to issue a permanent writ of injunction embodying the above orders upon the plaintiff's making bond as required by law in the sum of One Hundred ($100.00) Dollars."

██ While the order recites that applicant is entitled to a permanent writ of injunction, it is obvious that all the relief granted, except the mandatory feature, commanding defendant "forthwith to take the proper steps necessary to cause the immediate dismissal of the divorce proceedings above described, now pending in Mexico," is simply preventive, and necessary for the preservation of the status quo pendente lite; besides, the court must have so intended, for the order required plaintiff, as a prerequisite to the issuance of the writ, to execute and file the statutory bond, required only when temporary relief is granted. However, that portion of the order commanding defendant to immediately dismiss the divorce proceedings instituted in Mexico was not at all necessary for the preservation of the status quo, but would effectually have disposed of the whole case in advance of final trial, and in this respect we think the order was erroneous. The doctrine is well settled in this state that the true function of a temporary injunction, either mandatory or preventive, is to restore or preserve the status quo pendente lite, and nothing more. Therefore the order is reformed by deleting the erroneous provision, and, as reformed, is affirmed.

Reformed and affirmed.