ROBERTO HERNANDEZ, Inc., v. ARNOLD BERNSTEIN SCHIFFAHRTSGESELL-SCHAFT, M. B. H., et al.

No. 101.

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1941.

850

Joseph K. Inness, of New York City, for plaintiff-appellant.

Burlingham, Veeder, Clark & Hupper, of New York City (Roscoe H. Hupper, Burton H. White, and J. Franklin Fort, all of New York City, of counsel), for defendants-appellees.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff filed its complaint with the United States Shipping Board on June 27, 1935, under the provisions of the Shipping Act of 1916, 46 U.S.C.A. § 801 et seq., in which defendants were charged with having unlawfully discriminated against the plaintiff by refusing it freight space on their vessels. Thereafter hearings were held before an examiner of the United States Maritime Commission which had superseded the Shipping Board, resulting in findings of fact which supported the charges and on which an order was entered requiring the defendants to pay damages to the plaintiff to the amount of $25,050 with interest from December 31, 1934. The defendants having failed to comply with this order, the appellant brought this suit for enforcement in the District Court for the Southern District of New York pursuant to the Shipping Act. 46 U.S.C.A. § 829. As no service could be made upon defendant Arnold Bernstein Schiffahrtsgesellschaft, M. B. H., there was a severance as to it. After hearing, the District Court confirmed the order of the Commission as to the unlawful discrimination charged but failed to hold that the plaintiff was entitled to any damages and accordingly dismissed the complaint. From that judgment, the plaintiff has appealed.

In confirming in part the findings of the Commission, the District Court accepted as proved by adequate evidence, and so do we, the following facts: The plaintiff made an oral contract in June 1934 with J. T. de Bareno, of Bilbao, Spain, to purchase in this country and ship to Bareno at Bilbao, on Spanish Conference Line vessels operated by the defendants, automobiles, chassis and trucks manufactured by General Motors Corporation and by Chrysler Corporation to the total amount of $175,000.

They were to be bought and shipped at the rate of $25,000 each month from June to December 1934, inclusive, with the privilege of making up any shortage in any month in any succeeding month or months. They were to be purchased at a discount of 17½ per cent off the retail price and the plaintiff was to receive for his compensation 15 per cent of the total amount of the purchases, all expenses incident to purchase and shipment were to be paid by de Bareno. As he agreed, de Bareno provided the plaintiff with a letter of credit for $14,200 which was to expire on July 2, 1934, but was extended to October 2, 1934, and the plaintiff bought and shipped automobiles to the value of $8,000 but no more because the defendants refused space on their vessels.

It was found that in July 1934 the plaintiff's freight agent, Seven Seas Transport Corporation, applied to each of the defendants for freight space for the automobiles and that the president of the plaintiff also made such requests and that they were refused though space was available. The terms of the contract the plaintiff had with de Bareno were made known to the appellees and they were notified as to the amount of damages he would sustain but, though what amounted to a standing request for freight space was made, the defendants arbitrarily persisted in their refusal to supply what was needed and the contract expired unperformed by the plaintiff except to the extent above stated. It was found that the plaintiff was able and willing to perform and was prevented by the refusal of the defendants to provide the cargo space requested. The District Court, however, reached the conclusion that the order of the Commission could not be enforced for the reason that the plaintiff had failed in the requisite proof of its damages and in its duty to take reasonable steps to mitigate its damages. The defendants resisted the enforcement of the order not only on the grounds upheld by the court but also on the ground that the Commission had no jurisdiction. They did not prevail in this respect and have renewed that contention upon appeal.

■ It may well be considered first. The theory is that suit should have been brought in the first instance without making any complaint to the Commission. It is argued that, as the gist of the plaintiff's grievance was that the defendants had wholly refused and neglected to perform a legal duty to provide available freight space, the issue was uncomplicated by technical and intricate factual matters which needed the action of any expert commission to bring about uniformity in administration and prevent discrimination. See Powers v. Cady, D.C., 9 F.2d 458; Louisville & N. R. Co. v. Cook Brewing Co., 223 U.S. 70, 32 S.Ct. 189, 56 L.Ed. 355; Royal Brewing Co. v. Missouri, K. & T. Ry. Co., D.C., 217 F. 146. But we cannot agree that the facts in this case did not call for technical knowledge in the solution of the problem of deciding whether the defendants were guilty of unjustly discriminatory practices in the light of the tonnage and the manner in which their vessels should be loaded with these automobiles which were to be shipped uncrated. The contrary seems self-evident and the Maritime Commission had power to entertain the complaint. 46 U.S.C.A. § 821. And where, as here, involved questions of fact must be determined and given proper effect in view of the requirements of correct maritime methods relating to the stowage of the particular kind of freight the remedy by way of complaint first to the Commission is exclusive. United States Navigation Co. v. Cunard S.S. Co., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408.

■ We think also that the court raised too high a standard on which to test the proof as to damages as found by the Commission. It is true that its findings are not conclusive but are only prima facie correct if supported by substantial evidence. 46 U.S.C.A. § 829. But where they are supported by substantial evidence, as they were, and where no new evidence on the subject is introduced by either party at the trial, as was the case here, it is the duty of the court to accept and give them effect. Compagnie Generale Transatlantique v. American Tobacco Co., 2 Cir., 31 F.2d 663; Southern Pac. Co. v. Goldfield Consolidated Milling & T. Co., 9 Cir., 220 F. 14; Meeker v. Lehigh Valley R. Co., 236 U.S. 412, 35 S.Ct. 328, 59 L.Ed. 644, Ann.Cas. 1916B, 691.

■ The defendants did call four witnesses who testified to the effect that there was space for such shipments as the plaintiff tried to arrange for with the defendants during the period of the contract on other vessels not going directly to Spain and that any automobiles so sent would have been transshipped at Antwerp and forwarded to Bilbao at the same through

freight rates. This was not enough. The burden to show a failure to mitigate the damages was upon the defendants. Hamilton v. McPherson, 28 N.Y. 72, 84 Am.Dec. 330. Proof of the existence of the needed freight space on other vessels would ordinarily be enough to show that it was available to this plaintiff as shipper but not necessarily under the circumstances disclosed. The plaintiff had introduced evidence before the Commission to the effect that one reason for the refusal of the defendants to furnish the space requested was the opposition of the manufacturers of the automobiles and whether the allotment of space generally available in ships not operated by members of the Spanish Conference would have been prevented by the same opposition remained an untouched subject. Assuming, however, that such space could have been obtained, the plaintiff could not have shipped that way in fulfillment of its contract with de Bareno but would have broken its contract in doing so and there is nothing to show that de Bareno would have consented to the change. That was of consequence as it was a change from direct shipment to the extra hazards of a longer route which also required transshipment with its added danger of damage. The route contracted for was a material part of the plaintiff's contract. Filley v. Pope, 115 U.S. 213, 6 S.Ct. 19, 29 L. Ed. 372; Norrington v. Wright, 115 U.S. 188, 6 S.Ct. 12, 29 L.Ed. 366. Under the terms of its contract there was, therefore, no alternative way for the plaintiff to make shipment and whether any attempt to do so would have succeeded and, if so, would have mitigated the damages are both now purely speculative matters. The arbitrary refusal of the defendants to furnish the freight space requested by, and in behalf of, the plaintiff made it impossible for it to perform its contract and earn its agreed commission; and the plaintiff was under no duty. to accept the risk of breaking its contract by making shipments which de Bareno could have rejected. Nor, in the absence of proof of reasonable ground for the belief that it would have been successful, can the plaintiff's failure to attempt to secure a modification of its contract to permit shipment on other vessels be held a breach of its duty to take reasonable steps to avoid or diminish damages.

Judgment reversed, with directions to enter judgment enforcing the order.