**INTERNATIONAL TRADING CORPO-RATION OF VIRGINIA, INC. and International Trading Corporation of New England, Inc., Plaintiffs,**

v.

**FALL RIVER LINE PIER, INC., Defendant.**

Civ. A. No. 65-397.

United States District Court
D. Massachusetts.

Dec. 5, 1967.

Lloyd Earl Belford, Fall River, Mass., for plaintiffs.

John F. Dargin, Orfanello & Dargin, Boston, Mass., for defendant.

OPINION

CAFFREY, District Judge.

This is a civil action in which both plaintiffs seek enforcement of an order entered by the Federal Maritime Commission against defendant. Jurisdiction of this court is based on 46 U.S.C.A. § 829.

Plaintiff International Trading Corporation of Virginia, Inc. (International Virginia) is a Virginia corporation with a principal place of business in Norfolk. Plaintiff International Trading Corporation of New England, Inc. (International New England) is a Rhode Island corporation with its principal place of business in Providence, Rhode Island. Defendant is a Massachusetts corporation with its principal place of business in Fall River, Massachusetts.

After trial I find and rule as follows: On June 12, 1964, the Federal Maritime Commission issued an order directing defendant to pay plaintiff International Virginia the sum of $8678.38 and directing defendant to pay plaintiff International New England the sum of $3100.61. Thereafter, demand was made upon defendant by both plaintiffs for payment, which defendant has refused to make.

At the trial in this Court plaintiffs introduced a duly certified copy of the order and findings of the Federal Maritime Commission (PX–1) and rested. Defendant called one witness, its General Manager, and introduced into evidence the contract between defendant and International Virginia (Deft. Ex. A), two folders, one containing paid bills submitted by it to International New England and one containing unpaid bills submitted by it to International New England (Deft. Ex. B and Ex. C respectively), for services allegedly performed on the basis of defendant's Exhibit A. Defendant also introduced, as Exhibits D and E, photostatic copies of two unsatisfied Executions obtained by Fall River Line Pier in Bristol Superior Court against both plaintiffs herein; (1) Exhibit D an Execution in the amount of $25,794.88 against International Virginia, and (2) Exhibit E an Execution in the amount of $31,726.55 against International New England. Defendant then rested.

The matter was taken under advisement, but prior to any decision the defendant filed a motion for a stay of decision "until such time as the defendant may be heard on new evidence as to" defendant's contention that both plaintiffs herein had filed Answers in Recoupment in the two Superior Court cases, which answers placed in issue and brought to the attention of the trial jury in State court the order of the Maritime Commission which is the basis of the instant action.*

At the hearing on this motion for stay, held on December 4, 1967, no additional testimony was offered, but defendant introduced into evidence one page of a transcript of the trial in Superior Court, dated October 5, 1966, establishing that the decision of the Federal Maritime Commission (PX–1 herein) was excluded at the Superior Court trial, and also introduced a copy of each defendant's answer in the Superior Court cases.

■ Counsel for Fall River Line Pier argued that although the findings and order of the Maritime Commission were excluded in State court, its contents were nevertheless brought to the attention of the jury and were considered by it in reaching the verdicts on the basis of which judgments and Executions were entered. I decline to so find, counsel having failed to offer a transcript or any other evidence to support this contention.

46 U.S.C.A. § 829 provides in pertinent part:

"*  *  *  In the district court the findings and order of the Federal Maritime Board shall be prima facie evidence of the facts therein stated *  *  *."

In Roberto Hernandez, Inc. v. Arnold Bernstein Schiffahrtsgesellschaft, 116 F. 2d 849, cert. denied 313 U.S. 582, 61 S.Ct. 1101, 85 L.Ed. 1539 (1941), the Court of Appeals for the Second Circuit ruled that where findings of the United States Maritime Commission are supported by substantial evidence, and

---

* The roles of the parties were reversed in Superior Court, Fall River Line Pier being the plaintiff in the two cases there which were consolidated for trial, and the two plaintiffs herein being the defendants in the Superior Court actions.

where no new evidence on the subject is introduced by either party at the trial, it is the duty of the court to accept and give such findings effect.

While counsel for Fall River Line Pier argues herein that at the trial in this court he objected to the admission in evidence of any portion of the Maritime Commission's reports and orders, other than the order of June 12, 1964, setting out the dollar amounts of the findings Fall River Line Pier, this contention is not supported by the official court reporter's transcript of the trial.

■ On the basis of plaintiff's Exhibit #1 herein, I find and rule that the findings of the Maritime Commission are supported by substantial evidence and I rule that no new evidence was introduced in this court sufficient to overcome the prima facie case made by the admission in evidence of the findings and order of the Maritime Commission. Consequently plaintiffs are entitled to judgment in their favor on their complaint in the amount of the Commission's order, namely, $8678.38 to International Virginia, and $3100.61 to International New England.

When filed defendant's amended counterclaim was based on a cause of action referred to in that counterclaim as also pending in the Bristol Superior Court. Prior to the trial held in this court the cause of action which formed the basis of both the counterclaim herein and the two cases in Superior Court was reduced to judgment and Execution in Bristol Superior Court in favor of Fall River Line Pier. No useful purpose would be served by giving Fall River Line Pier a second judgment and Execution for the same cause of action. Consequently I find for the plaintiffs on defendant's counterclaim.

46 U.S.C.A. § 829 provides that plaintiffs are entitled to reasonable attorney's fee, which I find is in the amount of $350.00.

Judgment accordingly.