## LUITWEILER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 29, 1898.)

### No. 617.

1. CRIMINAL LAW—APPEAL—MOTIONS FOR NEW TRIAL.
   Rulings on motions for a new trial in the federal courts are not assignable as error.

2. SAME—OBJECTIONS TO EVIDENCE—EXCEPTIONS.
   Rulings on objections to evidence are not reviewable when no seasonable exceptions were taken.

In Error to the District Court of the United States for the Eastern District of Texas.

Frank Lee, for plaintiff in error.

J. Ward Gurley, U. S. Atty.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PARDEE, Circuit Judge. The plaintiff in error, E. H. Luitweiler, was indicted, tried, convicted, and sentenced in the district court for the Eastern district of Texas, sitting at Paris, Tex., for receiving a bribe while acting as a commissioner of the United States circuit court in the Indian Territory. After vainly moving for a new trial in the court below, he sues out this writ of error, assigning as error certain alleged rulings of the trial court in regard to the admission of evidence on the trial, and the refusals to grant a new trial; giving many reasons why the court erred in refusing a new trial. The bill of exceptions contained in the record shows that objections were made by the counsel for the plaintiff in error to certain questions propounded different witnesses in the course of the trial, but does not show that any objection was made, or exception seasonably reserved, to any ruling of the court in relation thereto.

The first assignment of error is to the effect that the court erred in permitting the witness James Wolverton, over the objections of the defendant, to testify that he had heard the plaintiff in error had received a bribe from one McNeese; also, that he had heard that the defendant had received other bribes from different parties. The bill of exceptions shows as follows:

"The defendant offered as a witness James Wolverton, and proved by him that he was acquainted with the general reputation of the defendant, E. H. Luitweiler, for honesty, and that it was good. On cross-examination the district attorney asked witness if he had not heard that the defendant had received a bribe from one McNeese, as a consideration upon which defendant would release said McNeese, who was on trial before defendant, who was sitting as United States commissioner. Defendant objected on the grounds that the question elicited hearsay testimony, and did not seek to obtain any fact the witness knew. Second. It was trying indirectly, by hearsay evidence, to prove that the defendant had accepted other bribes than the one charged in the case on trial. The court overruled the objection, and witness stated that he had heard that the defendant had received the money to discharge said McNeese. Then the district attorney, over the objection of the defendant, asked witness if he had not heard that the defendant had accepted $125 from Dr. Davis, as a bribe, and if he had not heard that the defendant had accepted money from Dr. Evans, as

a bribe. Defendant objected to the questions and answers—First, because it was hearsay, and not admissible to show that the defendant had accepted bribes other than the one charged, for which he was on trial; second, because the government had at command the witnesses Dr. Davis and Dr. J. C. Evans, who were present, and had been sworn as witnesses, and were then in the witness room; third, the prosecution was proving by hearsay facts that throwed [sic] suspicion upon the defendant, when, if the facts asked about were true, the prosecution was in a position to prove it by direct testimony. All of which objections made by the defendant were overruled by the court, and the witness answered that he had heard of the defendant accepting the bribes asked about, but did not know anything of the truth of the charges. Whereupon the court admitted the testimony of Wolverton that he had heard about the transactions between Luitweiler, McNeese, Evans, and Davis, but stated to the jury that his statements were not admitted as evidence against the defendant, Luitweiler, but simply to test the witness' memory and credibility."

The second assignment of error is that the court erred in permitting the prosecuting attorney to ask the defendant, while on the witness stand, if he had not accepted bribes from Mr. McNeese, Dr. Davis, Dr. Howell, and Dr. J. C. Evans. In relation to this matter the bill of exceptions shows as follows:

"On cross-examination of the defendant the district attorney asked the defendant if on a certain time he did not receive from Dr. Davis, through Dr. Howell, $125, as a bribe, for which he was to suppress papers that were then out, charging Davis with the crime of introducing and selling intoxicating liquors in the Indian Territory, and if he (the defendant) did not accept a bribe from one McNeese, and if he did not accept a bribe from Dr. J. C. Evans, for which he (the defendant) agreed to dismiss the case against Evans. The defendant then and there objected to the question, and to defendant's being required to answer—First, because it was attempted to try three cases at one time; second, because, no matter what the defendant's answer might be, the question assumed that the defendant had received the bribes asked about; third, if the prosecution wanted to prove the truth of what Dr. Evans, Dr. Howell, and Mr. McNeese had done in regard to bribing defendant, they were each of them in the witness room, and the prosecution ought to put them on the stand, and not assume the defendant guilty of accepting bribes generally. Whereupon the prosecuting attorney remarked, in the presence of the jury, 'We will put them on the stand.' Counsel for the defendant then said, 'If the gentlemen say they will put Dr. Evans, Dr. Howell, and Dr. Davis, and McNeese on the stand, and prove those facts, we will withdraw the objections.' The defendant then answered the question in the negative. When the defendant closed his evidence, Dr. Davis was offered as a witness by the government. The defendant objected, and the jury was withdrawn. Then the court heard the testimony of Dr. Davis and Dr. Howell and Dr. Evans and Mr. McNeese, and none of them testified to any fact that the court would allow to go to the jury against the defendant."

The other three assignments of error are that the court erred in refusing to grant a new trial, for many and various reasons. Rulings on motions for a new trial are not reviewable on error. On the whole record, there is no ruling of the court below which we are authorized to review, and as, prima facie, the indictment is good, and the proceeding regular, we can grant the plaintiff in error no relief. Affirmed.