### WARD et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 30, 1925. Furihata's Petition for Rehearing Denied May 11, 1925.)

No. 4392.

**1. Criminal law ⬤�top878(4)—Conviction of sale held not inconsistent with acquittal of possession.**

Conviction of defendant on a count charging illegal sale of liquor *held* not inconsistent with his acquittal on a count charging illegal possession, since he may have participated in or aided and abetted the sale without having possession.

**2. Criminal law ⬤�top761(1)—Assumption in instruction of facts not in evidence held prejudicial error.**

Assumption in an instruction of facts not shown by the evidence, and which tended more strongly to implicate him than the evidence justified, *held* prejudicial error.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Criminal prosecution by the United States against Bernard Ward and T. Furihata. Judgment of conviction, and defendants bring error. Reversed and remanded as to defendant Ward; affirmed as to defendant Furihata.

John F. Dore and F. C. Reagan, both of Seattle, Wash., for plaintiff in error Ward.

Walter Metzenbaum, of Seattle, Wash., for plaintiff in error Furihata.

John J. Sullivan, of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error, together with one Hoffman, were tried upon an information in three counts, which charged them with the possession of intoxicating liquors, the sale of intoxicating liquors, and the maintenance of a nuisance. Furihata and Hoffman were found guilty on all three counts. Ward was found guilty on the second count, and was found not guilty on the first and third counts.

[1] Ward contends that the acquittal of the charge of the possession of liquor, being inconsistent with the verdict of guilty on the charge of selling the same liquor, is tantamount to an acquittal of the latter charge. We do not think the conclusion follows. In view of the evidence in the case, the jury might have found that, while Ward was not in possession of the liquor, which was sold in the particular instance disclosed by the evidence, yet that he aided and abetted and participated therein.

[2] But we think a new trial should be ordered as to Ward on account of an instruction of the court to the jury, to which he duly excepted. The instruction was: "If the defendant Ward is guilty in this case, it is upon what he did that day, his conduct in operating the elevator, his relation to the transaction between Hoffman and the agents who bought it, and what, if anything, he said to the operators when they came there for the purpose of purchasing it. He said he did nothing except to operate the elevator as a favor, which he did sometimes. The government witnesses testified that they asked Ward for some whisky, or some liquor, and he said, 'We haven't that,' and you remember what their testimony was, and if he did actively participate in the operation of the elevator, and carried these parties up, and was conscious of what was transpiring, and did it in the advancement of a sale between the parties participating in it, and did use the conversation and statements that I have indicated, directing or suggesting some other brand instead of that which was demanded, and actively participated in the transaction and closing of the sale, why then he would be guilty of sale, and likewise of possession."

There was no evidence that the government witnesses asked Ward for whisky, or some liquor, or that he said, "We haven't that," and there was no evidence whatever that he directed or suggested some other brand, instead of that which was demanded. The whole evidence connecting Ward with the transaction is the following: He was manager of the Ranier Taxicab Company, and operated the switchboard at the New Avon Hotel. He occasionally, as a matter of accommodation, operated the elevator. One of the witnesses for the government, a prohibition agent, testified that he went to the hotel and obtained a drink of whisky from Hoffman; that later he returned to the hotel with a search warrant; that Ward was sitting on a bench reading a paper; that the witness told Hoffman he wanted to get some liquor; that Hoffman got in the elevator, and as it was starting up he called to Ward, and Ward went up in the elevator; that the witness told Hoffman he wanted some Bourbon, and Hoffman said, "You can't get Bourbon; all I have is Old Parr;" that the witness got out of the elevator on the second floor, and three or four minutes later Ward met the witness on the second floor and told him to go to room 204, and Hoffman would bring the stuff there. The testimony was that at the time when the sale was made Ward was not present, nor was he present when the whisky was delivered. Another witness for the government, a federal prohibition agent, testified that he saw Ward sitting in the lobby of the hotel, and that later he saw Ward on the second floor, and that he told the witness to go into room 204.

The foregoing is all of the testimony connecting Ward with the transaction, and it seems clear that the instruction of the court to the jury, wherein were recited facts which tended more strongly to implicate Ward with the sale than the evidence justified, was error for which the judgment should be reversed.

The plaintiff in error Furihata contends that there was insufficient evidence to convict him on any of the counts. He made no motion for a directed verdict, nor did he otherwise challenge the sufficiency of the evidence upon the trial. The evidence was that he was the lessee and proprietor of the hotel, that a large quantity of liquor was found in various rooms of the hotel, the rooms being locked and unoccupied by guests, and while Hoffman testified that Furihata was not implicated in the sales of the liquor, nor aware that liquor was in the hotel, the jury may well have discredited his testimony, in view of the fact that at the

time of the sales he had been engaged as a clerk in the hotel but five or six days, and the improbability that in so short a time so large a quantity of liquor could, without Furihata's knowledge, have been brought in and concealed upon the premises, and the further fact that at the time of the trial Hoffman was still retained in the position of clerk in the hotel.

We find no ground for disturbing the judgment, as to Furihata. As to Ward the judgment is reversed, and the case is remanded for a new trial.