## BROWN v. UNITED STATES.[*]

(Circuit Court of Appeals, Ninth Circuit. November 23, 1925.)

No. 4676.

**1. Criminal law** ⊗⟶1054(1)—**Question for review not presented by mere sustaining of objection to question.**

Exception not having been taken to the sustaining of objection to question to defendant's witness, nor offer made of proof expected from him, no question is presented for review.

**2. Criminal law** ⊗⟶1186(4)—**Inaccuracy in instruction held harmless, in view of evidence.**

There having been no evidence that the portion of hotel in which liquor was found was under control of a guest, and guilt of hotel proprietor of unlawful possession being clearly proved by uncontroverted testimony, inaccuracy in instruction, not limiting presumption of responsibility of a hotel proprietor to liquor found in rooms not occupied by guests, did not affect his substantial rights, and so, under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), is not ground for reversal.

**3. Criminal law** ⊗⟶911, 1156(1)—**Denial of new trial not reviewable.**

Motion for new trial is addressed to discretion of trial court, and its denial is not reviewable.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Earnest Brown was convicted of violation of the prohibition law, and brings error. Affirmed.

Plaintiff in error, hereinafter called the defendant, was convicted on three counts,

*Certiorari denied 46 S. Ct. 348, 70 L. Ed. —.

# BROWN v. UNITED STATES
## 9 F.(2d) 588

charging the sale of liquor on the 6th and 16th of November and the 26th of December, 1923; also on a count charging the unlawful possession of liquor on the 4th of February, 1924, and on a count charging him with maintaining a nuisance at 90 Yesler Way in Seattle. The jury also found that defendant had been previously convicted of the sale of liquor, as charged in the fifth count of the indictment. Defendant brings error.

Henry Clay Agnew, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. [1] James A. Johnson, a witness for the government, testified that the defendant had sold him a drink of whisky on the 16th of November, 1923, at 90 Yesler Way, Seattle. On cross-examination, he was asked if he had not testified in a previous trial that the drink he purchased at this address on this date was served by Riley Frye. He answered that he did not remember. After the government had rested, the defendant called W. C. Keith, who testified that he was present at the previous trial. He was then asked, "What was the testimony on that occasion?" The court sustained the government's objection to this question. The defendant took no exception, nor did he make an offer of the proof expected from the witness. Error is assigned on this circumstance, but the record does not raise the question discussed in the defendant's brief. Luitweiler v. U. S., 85 F. 957, 29 C. C. A. 504; McCurley v. National Savings Co., 258 F. 154, 156, 49 App. D. C. 10.

The second assignment of error is based on the denial of defendant's motion to direct an acquittal, on the ground that the evidence was insufficient. The court allowed this motion as to the fourth count. As to the other counts the evidence of guilt was clear and convincing. It appeared from the government's testimony that the Post Hotel, at the aforesaid address, was searched by prohibition agents on the 4th of February, 1924. With reference to this search Walter M. Justi testified as follows:

"Brown was standing near the storeroom door in the hallway moving some one-gallon jugs. Frye was across the hallway, standing in a doorway. Some of the jugs were packed in boxes holding four jugs to the box. Brown was moving them out of the storeroom. Some had already been moved to the rear of the hall. In room 9, we found 25 pints of moonshine whisky, 2 one-gallon jugs of moonshine whisky, 2 one-gallon jugs, each holding two-thirds of a gallon of moonshine whisky, a quart of King George whisky, and a bottle of Old Hermitage whisky, holding a small amount of whisky, two or three ounces, I believe. We found a number of corks, empty flasks; found some coloring matter used to color the moonshine, and some empty gallon glass jugs containing the odor of moonshine."

There was other testimony from which an inference could be drawn that the defendant was one of the proprietors of the Post Hotel.

[2] Error is assigned on the following instruction given by the court:

"You are instructed that, if you find from the evidence in this case that the defendant was in possession of this hotel under lease, or he and his wife were in possession of this hotel under lease, then the defendant would be in possession, presumptively in control, of the property, and if there is testimony here to show that there was in these premises on the 4th day of February, 1924, intoxicating liquor, such as has been testified to here by the witness, then, standing alone, the defendant would be in possession of that liquor. It has been testified, I believe, and you will have to determine as to the verity of that testimony, to the effect that on the 4th day of February he saw the defendant Brown handle some of the liquor there, which I believe he sought to identify before you. * * * If you believe he was in possession of the hotel, and this was found in the hotel property, and he was there directly in control of it, then he would be in possession."

Ward v. U. S. (C. C. A.) 4 F.(2d) 772, 773, indicates that a hotel proprietor is presumably responsible for liquor found in the hotel in rooms unoccupied by guests. We think this is as far as the presumption can be carried. In this case there was no evidence, and apparently no claim, that the portion of the hotel in which the liquor was found was under the control of a guest. Moreover, with the testimony above quoted uncontroverted, the guilt of the defendant on the charge of unlawful possession is clearly proved. Under the circumstances any inaccuracy in the above instruction did not constitute prejudicial error. It is provided in section 726 of the Revised Statutes (section 1043 of Barnes' Code, 1924 Supp., 40 Stat.

1181 [Comp. St. Ann. Supp. 1919, § 1246]): "On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties.".

[3] Error is also predicated on the denial of defendant's motion for a new trial. This motion was addressed to the discretion of the trial court and its action is not reviewable here. Beaton v. U. S. (C. C. A.) 5 F.(2d) 966.

The judgment is affirmed.