## McCONNELL v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 11, 1928.

No. 5157.

1. **Criminal law ⬦911, 1156(1)—Ruling as to new trial is ordinarily discretionary, and with limited exceptions not reviewable.**

Motion for new trial is ordinarily addressed to sound discretion of trial court, and with limited exceptions its action thereon is not reviewable.

2. **Criminal law ⬦958(6)—Denying new trial for new evidence on affidavits not showing relation of evidence held not abuse of discretion.**

Denial of motion for new trial on ground of newly discovered evidence, supported by affidavits stating that affiants would testify to certain facts, but not showing relation testimony would have to evidence on which conviction was had, and by affidavits to effect that defendant and attorney did not know, prior to trial, to whom it would be contended narcotics were sold, held not to constitute an abuse of discretion.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Ray McConnell was convicted for the unlawful sale of narcotics, and he brings error. Affirmed.

Frank R. Jeffrey and Henry Clay Agnew, both of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and Jeffrey Heiman and Paul D. Coles, Asst. U. S. Attys., all of Seattle, Wash.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. Appellant was adjudged guilty upon two counts charging the unlawful sale of narcotics. The sufficiency of the indictment is not questioned, and there is no record of either the evidence or the instructions. The sole contention is that the trial court erred in denying a motion for new trial upon the ground of newly discovered evidence.

The motion was supported by the affidavits of three persons, who say they have knowledge of certain facts therein set forth and would give testimony accordingly; but what relation such testimony would have to the evidence upon which the conviction was had we can only conjecture. There were also affidavits made by the defendant and his attorney to the effect that prior to the trial they did not know to whom it would be contended the narcotics were sold, or by what

witnesses it would be attempted to establish the charges, and further that they had been led to believe by the narcotic agents that the case would be dismissed. True, the indictment does not name or describe the person or persons to whom the sales were made, but defendant did not, by a motion for a bill of particulars or otherwise, seek such or any other information, and no objection was interposed, prior to going to trial, upon the ground that the defendant had been induced to act upon the assumption that the case would not be prosecuted, or upon any other ground.

[1, 2] A motion for a new trial is ordinarily addressed to the sound discretion of the trial court, and with limited exceptions its action thereon is not reviewable. Brownlow v. United States (C. C. A.) 8 F.(2d) 711; Brown v. United States (C. C. A.) 9 F.(2d) 588. Clearly, upon the showing made, the denial of the motion here cannot be held to have been an abuse of discretion. 2 R. C. L. p. 290; Coffin v. United States, 156 U. S. 452, 15 S. Ct. 394, 39 L. Ed. 481; Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606; Rimmerman v. United States (C. C. A.) 186 F. 307; Rinker v. United States (C. C. A.) 151 F. 755.

Affirmed.