## HAUGSTED v. UNITED STATES.
### No. 7188.

Circuit Court of Appeals, Ninth Circuit.
Dec. 4, 1933.

Ervin F. Dailey, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Hamlet P. Dodd, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

Before WILBUR and GARRECHT, Circuit Judges, and FEE, District Judge.

FEE, District Judge.

This appeal is prosecuted from a judgment of conviction against appellant. The indictment charged in count 1 that Haugsted "being then and there engaged in habitual violations of the National Prohibition Act" sold one pint of whisky on October 11, 1932. The second count alleged in the same form a like sale on October 21st of the same year. Count 3 charged possession of one pint of whisky on the same date, and count 4 set up the maintenance of a common nuisance by him in the Palace Hotel. Appellant was convicted by a jury and was sentenced to fourteen months in the penitentiary on each sale count to run concurrently, and to an additional month in the county jail on the nuisance count, and to pay a $25 fine.

 The counsel for appellant waived all assignments of error upon oral argument except that relating to the amount of the sentence imposed. The assignments so waived would not have availed appellant in any event since none of the others except the ninth conformed to the rules of this court. Brief notice will be taken of them however. A motion for new trial is not assignable for that is addressed to the discretion of the trial court, Alvarado v. U. S., 9 F.(2d) 385 (C. C. A. 9) so the first assignment is unavailable. Assignments numbered from two to eight, inclusive, and ten and eleven relate to the instructions to the jury but do not set out the portions of the charge totidem verbis as required but by vague and indefinite reference in violation of rule 11 of this court. The twelfth assignment is that the court allowed "hearsay and secondary evidence to be introduced by plaintiff," and thirteenth is that "the court erred in allowing exhibits to be introduced in evidence against the defendant without proper testimony by qualified witnesses as to what said exhibits were." These are obviously entirely too vague. See Hecht v. Alfaro, 10 F.(2d) 464, 466 (C. C. A. 9). In so far as the court has been able to trace the allusions in the assignments, the record has been examined and no prejudicial error has been discovered. The ninth assignment relates to the failure of the court to require production of the notes made by a witness at the time of the transaction, but from which he was not testifying, and which he swore were at a point two hundred miles from the place of trial. This was not error.

In any event appellant's counsel waived these questions at the argument and based his whole contention upon the fact that too heavy a sentence had been imposed. The statement of his brief is as follows: "In this cause the indictment did not allege the sale of over one gallon of liquor, prior conviction of violating the prohibition act; or that defendant was a habitual violator thereof. * * * *" This is untrue. The indictment alleged that Haugsted "being then and there engaged in habitual violation of the National Prohibition Act," sold certain liquor, which placed appellant on notice that a felony was charged.

██ The evidence tended to show two sales of liquor in the pool room of a hotel operated by appellant. The room was fitted up with a bar over which appellant personally sold liquor to one agent on October 11th, and to another upon October 21st. Upon the second occasion Haugsted and a third person were drinking together with this bar between them. Appellant offered no evidence to rebut the inference which could be drawn from this evidence, and the nuisance count could be sustained. For even though there be but one sale of a small quantity, the concomitant circumstances may be such that it is logical to conclude it was made in the ordinary course of an established business. Rachel v. United States (C. C. A.) 61 F.(2d) 360, 362; see McElvogue v. United States (C. C. A.) 40 F.(2d) 889, 891.

Therefore, if appropriate allegations appear in the indictment, it might be also logical to conclude, especially in the absence of evidence to the contrary, that an habitual violation was disclosed. The verdict of guilty must be founded upon such a deduction.

This case is clearly distinguishable from Olivito v. United States (C. C. A. 9) 67 F.(2d) 564, decided November 16, 1933, where the indictment, charging sale of less than a gallon of liquor, made no reference to any

of the statutory aggravations whereby the offense might have been characterized as a felony. In the instant case the indictment was comprehensive and the proof sufficient. The court founded the sentence upon the verdict.

Affirmed.