## HEMPHILL v. UNITED STATES.

No. 9056.

Circuit Court of Appeals, Ninth Circuit.

June 3, 1941.

Rehearing Denied July 17, 1941.

Hugh Miracle and Monheimer & Griffin, all of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and F. A. Pellegrini and G. D. Hile, Asst. U. S. Attys., all of Seattle, Wash., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

By an indictment filed in the court below October 1, 1937 the appellant and two others were charged with using the mails to defraud, 18 U.S.C.A. § 338, and with conspiracy to commit said crime, 18 U.S.C.A. § 88. The indictment was drawn in nine counts, the last of which was a conspiracy count; each of the other counts charged the deposit in the mails of certain specific matter. It was alleged, descriptive of the scheme, that the defendants would advertise and solicit students for pretended mechanical and engineering schools conducted by them in Seattle, Washington, namely, the Hemphill Trade Schools, the Diesel Power and Electric School, the International Engineering Institute, the National Air Conditioning Institute, and others, representing these schools as well-established, fully equipped institutions, well qualified to instruct and train young men in diesel mechanics and engineering in electrical refrigeration, air conditioning, etc.; that courses could be very satisfactorily pursued by students at home through correspondence courses and that after students had completed such correspondence courses they would be given practical training in well-equipped shops at such schools. It was also alleged that the defendants represented that students would be transported from their homes to Seattle, Washington; that they would be

assisted in finding part-time employment while attending school; that upon completion of their courses and training students would be thoroughly qualified for positions as diesel mechanics and engineers, or in refrigeration and air conditioning; that there was active demand for employees in such fields and successful students would easily find employment in such type of positions and would be assisted by defendants in securing such positions. The indictment, continuing, alleged that defendants knew the alleged schools were not well-established, fully equipped institutions but were without equipment or resources and were not qualified to give students the instruction or training promised them; that the lessons furnished correspondence students were printed pamphlets purchased by defendants at trifling cost; that the said schools had no shops or equipment at all for the promised shop training in diesel engineering, and the equipment for shop training in refrigeration and air conditioning was wholly inadequate and unsatisfactory; that the alleged schools were conducted solely for the purpose of enabling defendants to collect large sums of money from the students in payment for pretended courses of instruction.

One of the defendants was acquitted; another defendant was found guilty on two counts and not guilty on the others; the appellant was found guilty on all but two counts. From judgment and sentence he appealed to this court. Unable "to find any error operating to the substantial prejudice of the appellant," we affirmed the judgment of the court below. [112 F.2d 505, 508.] Rehearing was petitioned for and denied; thereafter, the appellant sought certiorari in the Supreme Court of the United States, which was granted. 61 S.Ct. 62, 85 L.Ed. ——. The Supreme Court, without opinion, reversed the judgment entered upon the filing of our opinion and remanded the cause to this court with directions to consider the sufficiency of the evidence to support the verdict. 61 S.Ct. 729, 85 L.Ed. ——. As a matter of fact, the sufficiency of the evidence had been given consideration, but in our former opinion (112 F.2d 505) we declined to discuss the merits of the question of the sufficiency of the evidence because, under the decisions cited in the former opinion, we did not feel privileged to do so.

Now conforming to the specific direction of the Supreme Court, the testimony and the exhibits going to make up the record before us have again been read and carefully considered, and we have again arrived at the conclusion that the evidence was sufficient to support the verdict. There was ample evidence to the effect that no one of Hemphill's students ever graduated in the diesel course or from the air conditioning institute; that the classes were irregular; that Hemphill never put in any equipment for the diesel students to work on at any of the school locations; that there was no equipment at the school that could be used for commercial refrigeration instruction; that students were solicited to register by means of advertising and salesmen; that students were induced to transfer from the diesel course to the air conditioning course upon Hemphill's representation that there was no future in the diesel field; that students received the correspondence course pamphlets irregularly; that these pamphlets would not arrive when due, or at all, unless the student made special effort to secure them, and finally they would cease coming altogether; that these pamphlets cost Hemphill but thirteen cents (13¢) each; that in addition to a substantial down payment on registering, students were required to pay $5 and $10 a month to receive pamphlets bi-weekly and weekly, respectively. One of the instructors who had been engaged to teach in the air conditioning course testified that he complained against Hemphill converting diesel students to air conditioning, stressing the fact that there was no diesel equipment at the school. The witness stated: "* * * I asked Hemphill what he was going to do about the diesel course when the theoretical course was completed, and the students came out for the practical training. Hemphill replied that he didn't expect many to come and take the practical course, inasmuch as his experience had shown that 90% dropped out before they completed the theory, and that for the remaining 10% enough lessons were given, and they were hard enough so that possibly the other 10% would drop out."

Another former instructor in air conditioning testified substantially to the same effect.

There was evidence that Hemphill had caused advertising matter to be inserted in a Seattle newspaper, through a series of

issues, and that copies of this newspaper were placed in the United States mails by the publisher. There was also evidence that the United States mails were used by defendant for the transmission of pamphlets and letters, emanating from defendant's "schools," concerning the courses offered, and the payment of tuition.

The defendant-appellant became a witness in his own behalf and denied or attempted to explain the evidence against him.

Clearly there was sufficient evidence introduced by the prosecution to entitle the case to go to the jury, which would justify the jury, if it believed the evidence, to return a verdict of guilty.

In an appellate court, the question of the sufficiency of the evidence is a question of law, "which calls for an examination of the record, not for the purpose of weighing conflicting testimony, but only to determine whether there was some evidence, competent and substantial, before the jury, fairly tending to sustain the verdict." Abrams v. United States, 250 U.S. 616, 619, 40 S.Ct. 17, 18, 63 L. Ed. 1173. It is well settled that "if there is any 'proper,' 'legal,' 'competent,' or 'substantial' evidence sustaining the charge, [the case] should be submitted to the jury." Maugeri v. United States, 9 Cir., 80 F.2d 199, 202. Again, it has been said, "The duty of this court is 'but to declare whether the jury had the right to pass on what evidence there was.' Felder v. United States [2 Cir.], 9 F. (2d) 872, 875, certiorari denied 270 U.S. 648, 46 S.Ct. 348, 70 L.Ed. 779. There being substantial evidence in support of [the] charges, the court would have erred if it had peremptorily directed an acquittal upon * * * the counts. Pierce v. United States, 252 U.S. 239, 251, 40 S. Ct. 205, 64 L.Ed. 542." Crono v. United States, 9 Cir., 59 F.2d 339, 340. See, also, Cossack v. United States, 9 Cir., 82 F. 2d 214. Moreover, in the consideration of such question, the appellate court must view the evidence in the light most favorable to the appellee. Borgia v. United States, 9 Cir., 78 F.2d 550, 555.

Viewing the evidence in every possible light: favorably to the Government—as the cases direct; impartially; or sympathetically to the defendant, we are unable to avoid the conclusion that there was sufficient substantial evidence introduced which excluded every other hypothesis save that of guilt. The trial court would have erred had it directed a verdict of acquittal.

Judgment affirmed.