## ALLRED v. UNITED STATES.
### No. 10678.

Circuit Court of Appeals, Ninth Circuit.

Nov. 13, 1944.

194

J. C. Winter, of Fairbanks, Alaska, for appellant.

Harry O. Arend, U. S. Atty., of Fairbanks, Alaska (Ralph J. Rivers, of Fairbanks, Alaska, of counsel), and Robert Mc-Millan, Asst. U. S. Atty., of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted for embezzling a coat. A demurrer to the indictment was overruled, a plea of not guilty was entered, a trial was had, a motion for a directed verdict was denied, a verdict of guilty was returned, a motion for a new trial was denied, and judgment was entered sentencing appellant to be imprisoned for ten years. From that judgment this appeal is prosecuted.

Nine alleged errors were assigned[1] and are specified.[2] Assignment 1 is that the court erred in denying the motion for a directed verdict. Grounds of the motion were that the indictment did not state facts sufficient to constitute the crime of embezzlement, and that the evidence was insufficient to warrant appellant's conviction.

The indictment stated that on September 22, 1943, in the Fourth Judicial Division, Territory of Alaska, appellant, "being then and there the agent of the Fairbanks Agency Company, an Alaskan corporation engaged, among other lines, in the business of storing furs for its customers, at Fairbanks, Alaska, did, by virtue of such employment, come into the care of certain personal property of the value of more than thirty-five dollars ($35.00), to-wit, of the value of four hundred dollars ($400.00), said personal property being that certain Russian dyed ermine coat then and there stored with said Fairbanks Agency Company by Mrs. Milton Brown, the owner thereof, and she, the said [appellant], after obtaining accessibility to, and the care of said coat as aforesaid, did then and there wilfully, unlawfully and feloniously embezzle and fraudulently convert said coat to her own use, contrary to the form of the statute in such cases made and provided."

The statute in such cases made and provided is § 4805 of the Compiled Laws of Alaska 1933, reading as follows: "If any officer, agent, clerk, employee, or servant of any private person or persons, copartnership, or incorporation shall embezzle or fraudulently convert to his own use, any money, property or thing of another which may be the subject of larceny, and which shall have come into his possession or be under his care by virtue of such employment, such officer, agent, clerk, employee or servant shall be deemed guilty of embezzlement, and upon conviction thereof, if the property shall exceed in value thirty-five dollars, shall be punished by imprisonment in the penitentiary not less than one nor more than ten years; * * *"

Appellant contends that the indictment was defective because it did not state that appellant was the agent, clerk, employee, servant or fiduciary of Mrs. Milton Brown, owner of the coat described in the indict-

[1] By Rule 8 of the Rules of Criminal Procedure After Plea of Guilty, Verdict or Finding of Guilt, 18 U.S.C.A. following section 688, the appellant in a criminal case is required to file with the clerk of the trial court "an assignment of the errors of which he complains." In this case, the assignment of errors was labeled "specifications of error."

[2] By Rule 20 of our rules, the appellant in a criminal case is required to file with the clerk of this court a brief containing "a specification by number of such of the assigned errors as are to be relied upon." In this case, all assigned errors are specified.

ment, or that appellant had custody or possession of the coat at the time of its embezzlement, or that appellant was the agent of the Fairbanks Agency Company or anyone else for the purpose of having such custody or possession. Such statements were unnecessary, as a reading of § 4805 clearly shows. Cases cited by appellant in support of her contention did not arise under § 4805 or any similar statute and hence are not in point. The indictment in this case stated facts sufficient to constitute the crime of embezzlement defined in § 4805. Whether these facts were sufficient to constitute the crime defined in other embezzlement statutes need not be decided.

There was evidence tending to prove that from about the middle of April, 1943, until October 7, 1943, appellant was the agent of the Fairbanks Agency Company, an Alaska corporation engaged in business at Fairbanks, Alaska; that from June 22, 1943, until an undisclosed date prior to October 7, 1943, the coat described in the indictment[3] was under appellant's care by virtue of her employment as such agent; that the coat was the property of Mrs. Milton Brown and exceeded in value $35; and that on an undisclosed date between June 22, 1943, and October 7, 1943, at Fairbanks, Alaska, appellant fraudulently converted the coat to her own use and thereby embezzled it. Thus there was evidence tending to prove all material allegations of the indictment.

Appellant contends that the evidence was insufficient because it did not prove that appellant was the agent, clerk, employee, servant or fiduciary of Mrs. Milton Brown, or that appellant had custody or possession of the coat at the time of its embezzlement, or that appellant was the agent of the Fairbanks Agency Company or anyone else for the purpose of having such custody or possession. Since, as we have held, it was unnecessary to state these facts in the indictment, proof thereof was likewise unnecessary.

■ As appellant points out, there were conflicts in the evidence. With these, how-

ever, we are not here concerned, as they were for the jury, not the court, to resolve.[4]

■ Appellant points out that the evidence failed to show the exact date on which the crime charged in the indictment was committed and hence failed to show that it was committed on the date laid in the indictment—September 22, 1943. The evidence showed, however, that the crime was committed (if committed at all) within three years next preceding the date[5] on which the indictment was found. Thus the evidence showed that the prosecution was not barred by the statute of limitations.[6] It was therefore unnecessary to show that the crime was committed on the date laid in the indictment[7] or to show the exact date on which it was committed.[8]

■ We conclude that the evidence was sufficient to warrant appellant's conviction, and that the motion for a directed verdict was properly denied.

■ Assignment 2 is that the court erred in refusing to instruct the jury, as requested by appellant, "that under an indictment for the crime of embezzlement by agent, before you can find a verdict of guilty, it must be shown that the article or property embezzled was in the actual possession of the defendant at the time of said embezzlement, mere care or custody of the article being insufficient." The requested instruction misstated the law and was properly refused; for in Alaska, as shown above, an agent may be guilty of embezzling property of which he never had actual possession.

Assignment 3 is that the court erred in overruling the demurrer to the indictment. The ground of the demurrer was that the indictment did not state facts sufficient to constitute the crime of embezzlement. That ground having been shown to be untenable, this assignment requires no further notice.

■ Assignment 4 is that "the court erred in rendering and entering judgment and commitment against [appellant.]" This

---

[3] The coat was put in evidence as appellee's Exhibit A.

[4] Joyce v. United States, 9 Cir., 294 F. 665, 666; Driskill v. United States, 9 Cir., 24 F.2d 413; Meyer v. United States, 9 Cir., 67 F.2d 223, 225; Hemphill v. United States, 9 Cir., 120 F.2d 115, 117.

[5] October 20, 1943.

[6] Compiled Laws of Alaska 1933, §§ 5156, 5158; 18 U.S.C.A. § 582.

[7] Alaska Packers' Ass'n v. United States, 9 Cir., 244 F. 710, 711; Stubbs v. United States, 9 Cir., 1 F.2d 837, 839; Peterson v. United States, 9 Cir., 4 F.2d 702; Pearlman v. United States, 9 Cir., 20 F.2d 113, 114.

[8] 23 C.J.S., Criminal Law, § 915, p. 180.

assignment is too general to merit consideration.[9]

■ Assignment 5 is that the court erred in stating in the judgment that appellant was "convicted on verdict of the offense charged in the indictment in the above entitled cause, to-wit: embezzlement by agent or employee." What the court actually stated was that appellant was "convicted on verdict of guilty of[10] the offense charged in the indictment in the above entitled cause, to-wit: embezzlement by agent or employee." The statement was correct. The words "or employee" were unnecessary, but not improper; for the indictment, as shown above, stated that appellant, "being then and there the agent of the Fairbanks Agency Company, * * * did, by virtue of such employment,[11] come into the care of certain personal property," namely, the coat described in the indictment. Thus, in effect, the indictment stated that appellant was the agent and employee of the Fairbanks Agency Company. There was therefore no error in characterizing the offense charged in the indictment as "embezzlement by agent or employee."

■ Assignment 6 asserts that the court erred in rejecting the following testimony of appellant's witness, Helen Callahan: "In August of 1943, [appellant] came to my place of business with her fur coat to have a small tear in the fur mended. I mended the coat for her, and I did not want to charge her anything, as the job only took a few minutes, but she insisted on paying me a dollar or two, I have forgotten how much. [At this point, the witness was shown appellee's Exhibit A,[12] already in evidence, and was asked whether this was the coat she had mended for appellant.] It looks like the same coat, and I can tell if it is, if I am permitted to open the lining. I can't tell for sure unless I can snip the lining a little in the back; it's simple; I know my work."

Actually, this testimony was not rejected, but was admitted. Appellant thereupon requested the court to permit the witness to open the lining of the coat (Exhibit A) "to see if the witness could identify her work." The request was denied. Assignment 6 sets out this ruling, but does not assert that it constituted error. Appellant is not shown to have been prejudiced by the ruling. Hence, even assuming that it constituted error, and that the error was properly assigned, it does not require reversal of the judgment.[13]

Assignment 7 states that "the evidence shows that [appellant] was being indirectly accused and tried for the robbery of the safety deposit boxes of the Fairbanks Agency Corporation." The evidence shows no such thing.

■ Assignment 8 states that the sentence was too severe. As the sentence was within the limits allowed by the statute (§ 4805), the question of its severity is not before us.[14]

■ Assignment 9 is that the court erred in denying the motion for a new trial. The motion was addressed to the trial court's discretion,[15] no abuse of which is shown. Denial of the motion was not assignable as error[16] and is not review-

---

[9] Oras v. United States, 9 Cir., 67 F.2d 463, 465; Baldwin v. United States, 9 Cir., 72 F.2d 810, 814; Lonergan v. United States, 9 Cir., 88 F.2d 591, 595; Utley v. United States, 9 Cir., 115 F.2d 117, 118.

[10] The assignment omits the words "guilty of."

[11] Meaning, obviously, employment as such agent.

[12] Mrs. Milton Brown and other witnesses for appellee had identified Exhibit A as Mrs. Brown's coat—the coat appellant was charged with embezzling.

[13] Simpson v. United States, 9 Cir., 289 F. 188, 189; Marron v. United States, 9 Cir., 18 F.2d 218, 219; Lonergan v. United States, supra.

[14] Kachnic v. United States, 9 Cir., 53 F.2d 312, 315, 79 A.L.R. 1366.

[15] McDonnell v. United States, 9 Cir., 133 F. 293, 295; Dwyer v. United States,

9 Cir., 170 F. 160, 165; Hedderly v. United States, 9 Cir., 193 F. 561, 571; Mitchell v. United States, 9 Cir., 196 F. 874, 878; Kaphan v. United States, 9 Cir., 264 F. 323, 325; Linder v. United States, 9 Cir., 290 F. 173, 175; Brownlow v. United States, 9 Cir., 8 F.2d 711, 712; Brown v. United States, 9 Cir., 9 F.2d 588, 590; Casey v. United States, 9 Cir., 20 F.2d 752, 754; McConnell v. United States, 9 Cir., 26 F.2d 798; Boyd v. United States, 9 Cir., 30 F.2d 900, 901; Powell v. United States, 9 Cir., 35 F.2d 941, 943; Oras v. United States, supra; Haugsted v. United States, 9 Cir., 68 F.2d 148, 149; Coplin v. United States, 9 Cir., 88 F.2d 652, 665.

[16] Lueders v. United States, 9 Cir., 210 F. 419, 421; Andrews v. United States, 9 Cir., 224 F. 418, 419; Linder v. United States, supra; McDonough v. United States, 9 Cir., 299 F. 30, 35; Boyd v.

able.[17]

Judgment affirmed.

DENMAN and STEPHENS, Circuit Judges, concur in this opinion, but we do not wish to be understood as holding that it would be improper for this court or any judge thereof to comment upon the severity of a sentence if the facts of the case as revealed by the record would seem to justify it.

United States, supra; Haugsted v. United States, supra; Sutton v. United States, 9 Cir., 79 F.2d 863, 865; Roubay v. United States, 9 Cir., 115 F.2d 49, 50; Utley v. United States, supra.

[17] See cases cited in footnotes 15 and 16. See, also, Montague v. United States, 9 Cir., 294 F. 277, 279; Beaton v. United States, 9 Cir., 5 F.2d 966; Rasmussen v. United States, 9 Cir., 8 F.2d 948, 950; Alvarado v. United States, 9 Cir., 9 F.2d 385, 386; Goldstein v. United States, 9 Cir., 73 F.2d 804, 806; Lonergan v. United States, supra.