James F. BALDRIDGE, Appellant,

v.

STATE of Alaska, Appellee.

Jack L. WILLIAMS, Appellant,

v.

STATE of Alaska, Appellee.

Nos. 283, 284.

Supreme Court of Alaska.

June 26, 1963.

Quincy Benton, Homer, for appellants.

James C. Merbs, Dist. Atty., and Robert N. Opland, Asst. Dist. Atty., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Two moose were killed by the defendants (appellants), Baldridge and Williams. They slit the throats and opened the stomachs of the animals, but did not gut them. The reason the defendants gave for not butchering the meat was that they had to fly out of the area in a hurry in Baldridge's airplane because ground fog was setting in and they didn't want to stay out all night without sleeping bags. They were unable to fly back the next day because of a damaged ski on Baldridge's plane. They attempted to arrange other air transportation to the scene of the kill. Failing in this, they attempted to employ a nearby caterpillar operator to drag the moose out. Being otherwise employed at the time, the cat operator did not reach the scene of the kill for several days. The meat was spoiled by then. Defendants were convicted of violating a regulation prohibiting the wasting of game. They have appealed, claiming that the evidence was insufficient to sustain their convictions.

The complaint charged defendants with violating the following regulation of the State Board of Fish and Game:

"304.02  Wanton waste.

"It shall be unlawful for any person wantonly to waste or unnecessarily destroy any game taken in the State of Alaska; provided, however, that this shall not apply to game which the Department declares by regulation to be of a destructive, noxious or nuisance

character. The flesh of all small game and all big game except bears must be salvaged for human consumption; provided, however, that either the hide or the flesh of bears must be salvaged for human use." [1]

■■ The state does not contend there was proof that defendants had wasted game "wantonly", as that term is ordinarily understood.[2] The state's argument is that the second sentence of section 304.02 imposes a mandatory duty on a hunter to salvage game meat for human consumption, and that if he negligently fails to fulfill this duty he is guilty of a violation of the regulation, regardless of whether his actions were wanton in nature. In substance, the state's position is that a negligent failure to salvage game meat for human consumption is an offense separate and apart from a wanton waste of game.

■ The state's position is untenable. A 1959 statute prohibits the wanton waste of game in the same language as the first sentence of the regulation.[3] Presumably the legislature used the term "wanton" in its common meaning, since there is nothing in the statutory language indicating a contrary intent.[4] The legislative policy, then, is clear: it is a criminal offense to waste game meat in a manner that amounts to a reckless disregard of consequences[5]; it is not a criminal offense to waste game meat by a negligent failure to salvage it for human consumption.[6]

1. 5 Alaska Adm.Code § 304.02 (1962).

2. An act is done "wantonly" when it is done with a reckless disregard of consequences. Alaska Packers' Ass'n. v. United States, 244 F. 710, 711, 4 Alaska Fed. 585, 588 (9th Cir., 1917) (wanton waste of fish); State v. Vinzant, 200 La. 301, 7 So.2d 917, 922 (1942).

3. S.L.A.1959, ch. 94, Art. I, § 27 [AS 16.05.830] provides:
   "*Wanton Waste.* It shall be unlawful for any person wantonly to waste or unnecessarily destroy any fish or game taken or caught in the waters or on the land of the State of Alaska; provided, however, that this shall not apply to fish

or game which the Department declares by regulation to be of a destructive, noxious or nuisance character."

4. 2 Sutherland, Statutory Construction § 4919, at 429–437 (3d ed. 1943).

5. Note 2, supra.

6. Further evidence of legislative intent is contained in AS 16.30.010 which reads:
   "A person who kills a wild food animal and and [sic] fails to make a reasonable effort to utilize it for food, or who kills a wild food animal with intent to wantonly destroy it, is guilty of a misdemeanor, and upon conviction is punishable by a fine of not more than $500 or by imprisonment for not more than six months, or by both."

■ To adopt the argument urged by the state would mean that the Board of Fish and Game has made criminal by regulation that which the legislature did not see fit to make criminal by statute. This the board would not have the authority to do, since its regulation to be valid must be in harmony and not in conflict with the policy established by the legislature.[7] In order to give the regulation the presumption of validity to which it is entitled [8], the requirement in the second sentence must be construed as being governed by the prohibition against wanton waste in the first sentence. Thus,

a failure to salvage game meat for human consumption is a violation of the regulation and a criminal offense only when the element of wantonness is present.

■ The evidence was insufficient to sustain the convictions because there was no proof that defendants had acted wantonly in failing to preserve and salvage the moose they had shot. The judgments are reversed, and the cases are remanded with directions to vacate the judgments of conviction and enter judgments of acquittal as to each of the defendants.

We have not been specifically guided by this statute in deciding this case for the reason that the defendants were not charged with failure to make a "reasonable effort" to utilize the game for food, nor with killing it "with intent to wantonly destroy it." They were charged with "wanton waste of game" under a

regulation promulgated by the State Board of Fish and Game.

7. State v. Miles, 5 Wash.2d 322, 105 P.2d 51, 53 (1940).

8. Hynes v. Grimes Packing Co., 337 U.S. 86, 101, 69 S.Ct. 968, 93 L.Ed. 1231, 1245, 12 Alaska 348, 366 (1949).